Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

***Admitted Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID BORUCHOWITZ,

Plaintiff,

v.

LINCOLN FINANCIAL GROUP, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendants.

Case No. 2:24-cv-01520

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants Lincoln Financial Group and The Lincoln National Life Insurance Company[1] ("Lincoln") file this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff David Boruchowitz ("Plaintiff"), and state as follows:

[1] The Lincoln National Life Insurance Company was the issuer of the relevant disability policy. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

## I. JURISDICTION AND VENUE

1. Lincoln admits that Plaintiff's claims are brought under the Employee Retirement Income Security Act ("ERISA"). Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that the Court has jurisdiction over this action. Lincoln further admits that jurisdiction is appropriate in this Court under 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the Plaintiff and Lincoln and the amount in controversy exceeds $75,000. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that the governing jurisdiction of the Policy is Nevada and that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## II. PARTIES

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits that Plaintiff was, at certain times, employed by Nye County, Nevada ("Nye County") and a participant in the Nye County Long-Term Disability Plan (the "LTD Plan"). Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that it is an Indiana corporation and that it is lawfully authorized to do business in the state of Nevada. Lincoln admits that it issued Group Disability Income Policy Number 000010177363 (the "Policy") to Nye County and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain

times, the claims administrator for the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## III. GENERAL ALLEGATIONS

6. Lincoln admits that Plaintiff was, at certain times, employed by Nye County, and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that it sent a letter to Plaintiff dated April 23, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that it received a letter from Plaintiff dated May 18, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that it sent a letter to Plaintiff dated August 7, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it received a second level appeal from Plaintiff on August 26, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that it sent a letter to Plaintiff dated November 4, 2026, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies that Plaintiff is entitled to any recovery and denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln denies the allegations contained in Paragraph 15 of the Complaint.

**FIRST CLAIM FOR RELIEF**

Recovery of Benefits – 29 U.S.C. § 1132

16. Lincoln denies the allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery and denies all remaining allegations contained in Paragraph 18 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint, including Paragraphs A-E, and denies that Plaintiff is entitled to any such relief or recovery.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the Policy and the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of any award of other benefits, including any disability benefits Plaintiff or Plaintiff’s dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust his administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff’s claim or during the administrative review process.

5. Plaintiff’s claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 26th day of May 2026.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
**Admitted *Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Special Order #109, the following individual or counsel of record registered for the CM/ECF system have been served with the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** by electronic means:

David Boruchowitz
dboruchowitz@fltg.net
*Plaintiff, Pro Se*

Dated this 26th day of May 2026.

/s/ *Iwana Rademaekers*
Iwana Rademaekers