Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

***Admitted Pro Hac Vice***
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID BORUCHOWITZ,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN FINANCIAL GROUP, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 2:26-cv-00604<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff, DAVID BORUCHOWITZ, and Defendants, LINCOLN FINANCIAL GROUP and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, jointly move this Court for a special scheduling review of the parties' proposed discovery plan in this matter.

## I. <u>Rule 26(f) Conference.</u>

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 29, 2026, attended by Plaintiff, David Boruchowitz, and Iwana Rademaekers, counsel for Defendants. The

Parties discussed the claims and legal issues at the meeting and agreed that the standard discovery plan is not best-suited for this lawsuit for the reasons set forth below.

## II. <u>Nature of Case and Purpose of Special Review.</u>

This dispute involves Plaintiff's claim for benefits under a policy of group long-term disability ("LTD") insurance held by Plaintiff's employer, Nye County, Nevada, for the benefit of its employees. The Plaintiff's complaint alleges a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Discovery may be limited to the administrative record for Plaintiff's administrative claim and appeal, which includes, but is not limited to, Plaintiff's medical records, Plaintiff's arguments for the payment of benefits, the plan administrator's decisions, and the LTD plan documents.

Accordingly, the parties jointly request that this Court review and adopt the proposed discovery and case schedule set forth below:

## III. <u>Proposed Plan.</u>

The parties have conferred and agreed as follows:

A. <u>Production and Review of the Administrative Record</u>: Defendant is in possession of the administrative record in this matter. The parties propose that Defendant produce a proposed administrative record for Plaintiff's review by **July 15, 2026**. On or before **August 14, 2026**, Plaintiff will notify Defendant of his position as to the following issues: (1) whether Plaintiff believes that any additional documents should be added to the administrative record; (2) whether Plaintiff believes that any documents contained in the proposed administrative record should be omitted, and (3) whether Plaintiff believes that any discovery beyond the administrative record should be conducted.

B. <u>Filing of Administrative Record/Motion for discovery</u>: On or before **September 4, 2026**, the parties will file a joint administrative record with this Court. In the event the parties cannot reach an agreement on the joint administrative record, plaintiff will file any motions that plaintiff believes are appropriate, including but not

limited to moving to conduct discovery beyond the administrative record and/or moving to supplement or omit from the administrative record, by **October 2, 2026** (pending determination on any motions, the parties will file on September 4, 2026, those portions of the administrative record on which they do agree).

C. Briefing Scheduling for Legal Issues/merits of the Case:

The primary legal issues in this matter are the following: (1) the standard of review to be applied to Defendant's decision to terminate Plaintiff's claim for LTD benefits; and (2) whether, applying that standard of review, Defendant's decision should be affirmed by the Court.

If a joint administrative record is timely filed and Plaintiff does not seek to conduct discovery beyond the administrative record, or to supplement or omit from the administrative record, the parties propose that dispositive motions be filed in accordance with the following briefing schedule:

- Plaintiff's Motion for Judgment: **October 5, 2026**
- Defendant's Cross-Motion and Opposition: **November 5, 2026**
- Plaintiff's Reply / Opposition: **December 3, 2026**
- Defendant's Reply: **December 17, 2026**

If Plaintiff does seek and is permitted discovery beyond the administrative record, the above deadlines will be suspended. The parties will work together and with the Court to prepare a new scheduling order, and may seek a status conference to address any outstanding discovery or other issues.

D. Alternative Dispute Resolution:

The Parties have conferred about the possibility of using alternative dispute-resolution processes, and the parties believe that non-binding mediation may be an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The Parties believe mediation will be most effective after Plaintiff has determined whether he believes that any discovery beyond the

administrative record should be conducted, and if so, after the completion of discovery and prior to the dispositive motion deadline. The parties do not request appointment of a mediator at this time.

E. Alternative Forms of Case Disposition:

The undersigned parties also certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

F. Extensions or Modifications of the Discovery Plan and Scheduling Order:

Local Rule 26-4 governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion must be made not later than twenty-one (21) days before the expiration of the subject deadline sought to be extended and must comply fully with Local Rule 26-4.

WHEREFORE, the parties jointly request that this Court adopt the proposed discovery and case schedule set forth herein.

DATED this 5th day of June 2026.

/s/ David Boruchowitz
David Boruchowitz
201 Lupin Street
Pahrump, Nevada 89048
Phone: 775-513-7771
Email: dboruchowitz@fltg.net
*Plaintiff, Pro Se*

/s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
***Admitted Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

Georlen Spangler, Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128

*Attorneys for Defendant*

**IT IS SO ORDERED**

**DATED:** 11:02 am, June 08, 2026

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**