Date: Tue Nov 04 14:11:54 CST 2025
From: Kelly Tedford <Kelly.Tedford@lfg.com>
To: dboruchowitz@fltg.net
Message-ID: <1262735190.719.1762287114662.JavaMail.webadmin@ne1plwas107>
Subject:Lincoln Financial Group Information for Claim 1230082409 (SECURE)

E-communication from Lincoln Financial Group

## Important Information for Claim #1230082409

Please review the attached letter and/or document(s) regarding the Claim #1230082409 for David Boruchowitz. You may submit claim forms and additional documentation via email to DisabilityClaims@LFG.com. If you have any questions regarding this information, please contact us at claims@lfg.com or 1-800-423-2765.

**Kelly Tedford**
**Specialist, Appeals Claims**
The Lincoln National Life Insurance Company
8801 Indian Hills Drive
Omaha, NE 68114
Toll Free Phone: 1-800-423-2765
Phone: 800-423-2765 x66246
Fax: 402-361-1460
Email: Kelly.Tedford@lfg.com

Insurance products are issued by the insurance company affiliates of Lincoln Financial Group: The Lincoln National Life Insurance Company and Lincoln Life & Annuity Company of New York. The Lincoln National Life Insurance Company is not authorized in the state of New York. Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

©2013 Lincoln National Corporation

EXHIBIT
2

Lincoln Financial Group

Lincoln Financial is the marketing name for Lincoln National Corporation and its affiliates.

**The Lincoln National Life Insurance Company**
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
Toll free (800) 423-2765
Toll free Fax (877) 843-3950
www.LincolnFinancial.com

November 4, 2025

DAVID E BORUCHOWITZ

Re: Policyholder: Nye County
Policy Number: 00001017736300000
Claim Number: 1230082409
Claimant: David Boruchowitz

Dear David:

We have completed our review of your Long Term Disability appeal. Based on the information provided, we have determined that we are unable to approve benefits beyond 10/08/2025. In our appeal review process, all information previously submitted as well as any new documentation was used to make a determination.

To be eligible for benefits under the policy issued to Nye County, an individual must satisfy all of the provisions of the policy. This includes, but is not limited to, the following:

> **TOTAL DISABILITY or TOTALLY DISABLED** will be defined as follows:
>
> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does not, by itself, constitute Total Disability.

The policy has a 24 month Own Occupation Period which ended on 10/08/2025. In order to be considered Totally Disabled beyond this date, the medical documentation must support that you would be unable to perform each of the main duties of any occupation for which you are qualified. As such, in considering your eligibility for Long Term Disability benefits beyond

©2025 Lincoln National Corporation www.LincolnFinancial.com
Lincoln Financial is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

10/08/2025, we evaluated whether you would be restricted or limited from performing the main duties of any occupation for which you are qualified.

Your entire file was reviewed upon appeal. Disability must be supported from 10/08/2025 forward, and so from this date forward will be the focus of our letter.

**Summary of Initial Claim Filing**

As you know, your claim was originally approved from 10/08/2023 to 10/08/2025 as we found you met the definition of Total Disability that applied during that period. Benefits were terminated as of 10/08/2025 because we determined you were not Totally Disabled from performing the main duties of any occupation. Our evaluation included review of the medical documentation, including consultation with and/or review of a written report from an independent physician who is Board Certified in Orthopedic Surgery. For complete details, please refer to our letter dated 04/23/2025.

**Summary of First Level of Appeal**

On 05/19/2025, you filed an appeal in response to our determination to terminate benefits.

Our review of the medical documentation which included consultation with and/or review of a written report from an independent physician who is Board Certified in Physical Medicine and Rehabilitation, did not support restrictions and limitations that would render you unable to perform the main duties of any gainful occupation beyond 10/08/2025. For complete details, please refer to our letter dated 08/07/2025.

**Summary of Second Level of Appeal**

On 08/26/2025, you filed your second appeal in response to our determination to uphold our previous decision to terminate benefits. Additional information was submitted from J. Weltha, PA-C.

Your entire file was reviewed by a health care consultant, who opined, in part:

> *The employee separated from work with back pain on July 10, 2023 and has undergone conservative treatment for this. The employee underwent a Functional Capacity Evaluation on March 1, 2024 with findings that correlate with a sedentary activity level. Current office visits include a visit on April 17, 2024 with Dr. Su which documents exam findings of normal motor strength of bilateral lower extremities, full range of motion of low back with pain with tenderness, and negative straight leg raise. The employee is treated with diclofenac and baclofen and denies side effects. Per most recent office visit dated April 24, 2024 with Physician Assistant Weltha, there are no abnormal exam findings. Additional records from this visit to present include an MRI of the lumbar spine and a letter from Physician Assistant Weltha. Given the available medical records with no motor/sensory deficits, no need for assistive devices with mobility, no documentation of inability to care for self/perform activities of daily living, and no side effects from medications; reasonable restrictions and limitations are sit frequently with position changes as needed for comfort, stand/walk occasionally, lift/carry/push/pull 10 pounds occasionally, unrestricted use of upper extremities*

*for fine/gross motor movements, unrestricted reach at desk level, occasional reach overhead/below waist, occasional kneel/bend/stoop/crouch/climb stairs, and occasional use of lower extremities for foot controls. These restrictions and limitations are reasonable from October 8, 2025 and forward.*

For details of the medical records that were reviewed and the determination of your restrictions and limitations, please refer to the medical and vocational reviews sent to you on 10/20/2025 to provide you or your physicians with the opportunity to respond or provide a rebuttal prior to a determination. Please refer to the reports for further details.

In response, you submitted an email stating, "There is nothing further to respond to." Therefore, we concluded the appeal review.

**Second Level Appeal Decision**

We understand that you have been diagnosed with several conditions including but not limited to Low back pain, lumbar spondylosis without myelopathy or radiculopathy, sprain of ligaments of the lumbar spine, lumbar facet syndrome and thoracic sprain/strain. However, our review of the medical documentation, which included consultation with and/or review of a written report from a health care consultant, did not support restrictions and limitations that would render you unable to perform each of the main duties of any gainful occupation that you have the training, education and experience to perform beyond 10/08/2025. We, therefore, find that you are no longer Totally Disabled under the terms of our policy.

The available clinical documentation does not contain evidence of physical or functional impairment that would preclude you from performing any occupation. The review of your medical records did not identify restrictions and limitations that would prevent you from working at any occupation.

**Vocational**

We reviewed your past training, education and work experience to evaluate your capacity to perform work-related activity. The documentation provided suggests you are not limited from working in a sedentary work capacity. The definition of sedentary work capacity, as defined by the Department of Labor, is:

Sedentary work involves sitting most of the time but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are only required occasionally (1-33%) and if all other sedentary criteria are met. Sedentary work may require exertion up to 10 lbs. occasionally and a negligible degree of exertion on a frequent (34-66%) or constant (67-100%) basis.

Using *The Dictionary of Occupational Titles* as a reference, we found that you would be capable of performing the following sedentary occupations:

| DOT# | Occupation | Wage (mean) |
|---|---|---|
| 375.137-014 | Desk Officer | $8,831/mo. |
| 375.167-026 | Harbor Master | $17,202/mo. |
| 189.167-034 | Security Officer | $11,379/mo. |

The preceding list is just a sample of various jobs that you show transferable skills to perform. The list is not all-inclusive and is only a sample of possibilities. The occupations listed are found to exist within the national economy and are appropriate from the standpoint of adequate salary levels relative to your prior earnings. NOTE: Current hiring or job availability is not a consideration when identifying occupational alternatives, only that the occupations identified exist within the national labor market.

We evaluated this claim by applying the provisions of the policy to the facts and opinions contained in the claim file. Other than what is set out in the policy, we did not rely upon any guidelines, internal rules, protocols, standards or other similar criteria in reaching this claim determination.

You have exhausted all rights of appeal, and your administrative file is now closed.

Your employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is 10/08/2028.

Please contact me directly at the number below with any questions you may have or email us at LFGAppeals@lfg.com.

Sincerely,

Kelly T
800-423-2765 x66246
Specialist, Appeals Claims
Appeals Department – Claims Solutions Shared Services
The Lincoln National Life Insurance Company

Chinese (Simplified)

注意：如果您说普通话，可以选择免费语言支持服务。 请拨打 1-800-423-2765.

Chinese (Traditional)

注意：若您講國語，可使用我們的免費語言支援服務。 請致電 1-800-423-2765.

Tagalog

Pansinin: Kung nagsasalita ka ng Tagalog, mayroon kang magagamit na mga libreng serbisyo ng tulong sa wika. Tumawag sa 1-800-423-2765.

Spanish

Atención: si habla español, tenemos disponibles servicios de apoyo con el idioma sin costo para usted. Llame al 1-800-423-2765.

Navajo

DÍÍ BAA AKÓ NÍNÍZIN: Díí bee yáníłti'go Diné bizaad, saad bee áká'ánida'áwo'dę́ę́' t'áá jiik'eh, ná hóló̜. Koji̜' hódíílnih áǫi̜óóǫéąá̜ǫąíę́ę.